**Dariusz BISKUPSKI, Petitioner–Appellant,**

v.

**UNITED STATES, Respondent–Appellee.**

**No. 04–3823.**

United States Court of Appeals, Second Circuit.

July 20, 2005.

James H. Feldman, Jr., Law Offices of Alan Ellis, Ardmore, PA (Alan Ellis, Peter Goldberger, Law Offices of Alan Ellis, Ardmore, PA, on the brief), for Appellant.

Robert A. Sharpe, Assistant United States Attorney, Albany, N.Y. (Glenn T. Suddaby, United States Attorney, Northern District of New York, Albany, NY, on the brief), for Appellee.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and JOHN GLEESON,* District Judge.

* The Honorable John Gleeson, United States District Judge for the Eastern District of New

## SUMMARY ORDER

Dariusz Biskupski appeals a May 5, 2004 judgment of the United States District Court for the Northern District of New York (Treece, *M.J.*) dismissing Biskupski's petition for a writ of *habeas corpus* and/or *coram nobis,* filed in an effort to vacate his illegal alien smuggling conviction, *see* 8 U.S.C. § 1324(a)(2). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Biskupski here appeals only the district court's denial of his petition for a writ of *coram nobis,* pursuant to 28 U.S.C. § 1651(a). "To obtain coram nobis relief, a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *United States v. Mandanici,* 205 F.3d 519, 524 (2d Cir.2000) (internal quotation marks omitted). "[W]e review *de novo* the question of whether a district judge applied the proper legal standard, but review the judge's ultimate decision to deny the writ for abuse of discretion." *Id.*

The district court held that Biskupski was ineligible for *coram nobis* relief (*inter alia*) because he failed to establish "sound reasons" for his failure to seek relief at an earlier time. Biskupski justifies his delay as follows: (i) he failed to understand his plea proceedings well enough to question the validity of the resulting conviction; (ii) he had no reason to challenge his conviction until the passage of the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009; (iii) he knew of no legal basis on which to challenge his conviction

York, sitting by designation.

for several years and could not afford to hire counsel to review his case; and (iv) once he was fully apprised of his rights, he needed time to obtain additional evidence. Biskupski contends that the district court abused its discretion by "fail[ing] to consider all of the reasons actually advanced by the petitioner." However, the district court expressly held that "Petitioner has wholly failed to assert any sound reasons for the almost ten-year delay in bringing these Motions." This language clearly indicates that the district court considered, and rejected, each justification forwarded by Biskupski for his delay. That ruling was not an abuse of discretion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**